HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAJID ALFARAG,

              Plaintiff,

     v.

UNITED STATES CUSTOMS AND
BORDER PROTECTION and
UNITED STATES ATTORNEY FOR
THE WESTERN DISTRICT OF
WASHINGTON,

              Defendants.

CASE NO. 2:24-cv-01500-RAJ

ORDER

     This matter comes before the Court on *pro se* Plaintiff Majid Alfarag ("Plaintiff")'s Motion for an Extension of Time. Dkt. # 12. No defendants have been served in this action.

     For the reasons set forth below, the Court **DENIES** Plaintiff's Motion.

     On October 18, 2024, the Court issued a *sua sponte* Order dismissing Plaintiff's Complaint with leave to amend. Dkt. # 11. In its Order, the Court noted the myriad deficiencies with Plaintiff's Complaint. Although the Court deduced that this case

ORDER - 1

primarily involves a search by United States Customs and Border Protection ("CBP"), there were no specific factual allegations regarding what actually occurred. As noted in the prior Order, this is a key omission, as CBP may conduct searches without a warrant. *See United States v. Seljan*, 547 F.3d 993, 1001 (9th Cir. 2008) ("[a] customs officer may stop and search, at the border and without a search warrant, any vehicle, vessel, aircraft, or other conveyance, any envelope or other container, and any person entering or departing from the United States.") (italics in original) (internal citation omitted).

It was also unclear why Plaintiff included the United States Attorney's Office for the Western District of Washington (the "USAO") in this case. The Complaint listed the following causes of action: (1) discrimination (Equal Protection Clause); (2) invasion of privacy; (3) defamation; (4) emotional distress; and (5) negligence. Dkt. # 8 at 6. It appears Plaintiff asserted all causes of action except for negligence against CBP only. As it related to the negligence claim, Plaintiff alleged that the USAO failed to address his "formal complaint regarding the unlawful actions of CBP I filed in April 2024," which he believed constituted a breach of duty. *Id*. There was no reference to an action filed in April 2024 in the Complaint. Raising further skepticism was that the Complaint was missing two pages.

The Court dismissed the Complaint without prejudice and allowed Plaintiff twenty-one (21) days to file an amended pleading, further noting that his failure to do so would result in dismissal of the case. Dkt. # 11 at 4.

Plaintiff's instant Motion asks the Court to grant him a time extension to January 2025 "to figure out what I need to do to amend the case." Dkt. # 12 at 1. He further states, "[t]he reason I'm asking for a longer time is because I don't have an attorney to help with this case, I [sic] been looking for one since April 2024." *Id*.

Extensions "always may be asked for, and usually are granted upon a showing of good cause, if timely made." *Ashby v. Mortimer*, No. 4:18-cv-00143-DCN, 2019 WL

1    180440, at *2 (D. Idaho Apr. 24, 2019) (citing *Creedon v. Taubman*, 8 F.R.D. 268, 269

2    (N.D. Ohio 1947)).

3          The Court finds that good cause does not exist to grant Plaintiff's Motion.  Plaintiff

4    concedes he has been searching for an attorney since April 2024, thus raising questions

5    about the merits of his Complaint, about which the Court already expressed its qualms.

6    Given the totality of the circumstances, which includes the Court's generous granting of

7    twenty-one days to amend the pleading, the high unlikelihood Plaintiff will be able to

8    find an attorney to take his case, and the implausibility any amendment would rectify the

9    discrepancies listed above, the Court denies Plaintiff's motion.

10          Based on the foregoing reasons, Plaintiff's Motion for Extension of Time is

11    **DENIED**.  Dkt. # 12.

12

13          DATED this 8th day of November, 2024.

14

15

16

17          The Honorable Richard A. Jones
            United States District Judge

18

19

20

21

22

23

24

25

26

ORDER - 3